1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT
8                      SOUTHERN DISTRICT OF CALIFORNIA
9

10   CHRIS LANGER,                          Case No.:  3:20-cv-0664-BEN-MDD
11                              Plaintiff,
                                            **ORDER GRANTING IN PART**
12   v.                                     **DEFENDANTS' MOTIONS TO**
                                            **DISMISS AND DENYING**
13   LAPIZ PROPERTIES GROUP, a              **PLAINTIFF'S MOTION TO**
     California Limited Partnership; and    **EXTEND TIME FOR SERVICE**
14   YQUEM EQUITY CORPORATION, a
     California Corporation,                **[ECF Nos. 4, 5, and 10]**
15
16                          Defendants.
17

18         This matter comes before the Court on three motions.  First, Defendant Yquem
19   Equity Corporation ("Yquem") filed a Motion to Dismiss.  ECF No. 4.  Second, Plaintiff
20   Chris Langer filed a Motion to Extend Time for Service of Process.  ECF No. 5.  Finally,
21   Defendant Lapiz Properties Group ("Lapiz") filed a Motion to Dismiss.  ECF No. 10.
22   For the following reasons, the Court grants Defendants' Motions to Dismiss in part and
23   denies Plaintiff's Motion to Extend Time for Service.

24   **I.     Background**
25         On May 29, 2013, Plaintiff Chris Langer filed a complaint against, among others,
26   Defendants Yquem and Lapiz in San Diego County Superior Court.  2013 Compl., ECF
27   No. 4-2, Ex. A.  He alleged violations of the Unruh Civil Rights Act and the California
28   Disabled Persons Act.  *Id*. at ¶¶ 10-18.  That complaint alleged that on October 12, 2012,

he went to a store at a property owned by Defendants in San Diego, California, to shop, and that while Defendants offered a parking lot to customers at the store, the parking was not handicap-accessible. *Id*. at ¶¶ 4-7. On July 26, 2013, Langer voluntarily dismissed that complaint with prejudice. Req. for Dismissal, ECF No. 4-2, Ex. B.

On April 4, 2020, Langer filed the instant case against Defendants Yquem and Lapiz alleging violations of the Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act. Compl., ECF No. 1, ¶¶ 20-32. The allegations again state that Defendants failed to provide accessible parking at the same store. *Id*. at ¶¶ 10-11. In contrast to earlier complaint, Langer alleges he would return to the store if the parking lot was accessible. *Id*. at ¶ 18.

Defendants have filed two motions to dismiss. Defendant Lapiz argues that it was not properly served with process. Defendant Yquem argues that the Complaint is barred by *res judicata* and collateral estoppel.

## II. Legal Standards

### A. Rule 12(b)(5) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(5) allows a court to dismiss an action for insufficient service of process. Local Civil Rule 4.1(a) provides "[a]ll complaints must be served within ninety (90) days. Any extension will be granted only upon good cause shown." Dismissals for failure to timely serve process are generally without prejudice. Fed. R. Civ. P. 4(m).

### B. Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### C. Request for Judicial Notice

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (*quoting Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). However, Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Applying Rule 201, "a court may take judicial notice of 'matters of public record.'" *Lee*, 250 F.3d at 689 (*quoting Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted).

Here, Defendants request the Court take judicial notice of the complaint and request for dismissal in the 2013 action. Request for Judicial Notice, ECF No. 4-2, Exs. A and B. Langer does not oppose. The Court has reviewed the request and finds judicial notice of the complaint and request for dismissal appropriate and will consider those exhibits in its analysis below.

### III. Discussion

Defendant Lapiz argues the claims against it should be dismissed for improper service of process. Mot., ECF No. 10, 7. Both Defendants further argue Langer's

Complaint should be dismissed because it is barred on *res judiciata* and collateral estoppel grounds.

### A. Dismissal of Defendant Lapiz for Lack of Timely Service

Defendant Lapiz argues the claims against it should be dismissed because it was not served with the Summons and Complaint until July 30, 2020, which was 115 days after the Summons was issued. *See* Docket; Mot., ECF No. 10, 7. The Court notes that Langer filed a Motion to Extend Time for Service with respect to Defendant Lapiz on July 10, 2020. ECF No. 5. Langer argued the COVID-19 pandemic made service of process more difficult. *Id*. at 2. Under the circumstances, the Court would be inclined to grant this request. However, Langer filed his motion for extension 93 days after the Summons was issued, after the time for service had already expired. *See* Civ. L. R. 4.1(a). While Langer provided good cause in his motion for why service could not be completed, he failed to provide any justification for why his motion was not timely. Without any showing of good cause for this delay in filing the Motion to Extend Time for Service, the Court denies it. Accordingly, the Court dismisses Defendant Lapiz without prejudice in accordance with Federal Rule of Civil Procedure 4(m).

### B. Dismissal Pursuant to Rule 12(b)(6)

The Court next turns to Defendant Yquem's Motion to Dismiss, which argues Langer's claims are barred on *res judicata* and collateral estoppel grounds. Mot., ECF No. 4-1, 2. Langer argues these doctrines do not apply to the claims at issue. Opp'n, ECF No. 6, 1. Defendant Yquem's argument is based on the 2013 action, discussed above, filed and dismissed with prejudice in San Diego County Superior Court. Mot., ECF No. 4-1, 2.

When the prior judgment is a state court judgment, federal courts apply the *res judicata* and collateral estoppel rules of the state where the judgment was rendered. *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (*citing Migra v. Warren City School Dist. Bd. Of Ed*, 465 U.S. 75, 81 (1984)). In California, "[r]es judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the

same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002) (internal quotations omitted). "Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Id*. Collateral estoppel, or issue preclusion, "precludes relitigation of issues argued and decided in prior proceedings." *Id*.

"The prerequisite elements for applying [*res judicata*] to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *People v. Barragan*, 32 Cal. 4th 236, 253 (2004) (*citing Brinton v. Bankers Pension Services, Inc*., 76 Cal.App.4th 550, 556 (1999)).

Here, the 2013 action, which Langer dismissed with prejudice, involved three causes of action for violation of the Unruh Civil Rights Act, the California Disabled Persons Act, and negligence. 2013 Compl., ECF No. 4-2, Ex. A. This suit involves claims for violation of the Americans with Disabilities Act and Unruh Civil Rights Act. Compl., ECF No. 1. In the 2013 complaint, though not bringing an ADA claim, Langer alleged these same Defendants "violated the plaintiff's rights under the ADA." 2013 Compl., ECF No. 4-2, Ex. A ¶ 14.

### C. ADA Claim

Defendant Yquem argues Langer's ADA claim is barred by *res judicata*. Langer argues that *res judicata* should not apply because he asserts a claim for injunctive relief under the ADA that he did not seek in the previous claim, and because this claim involves facts and issues that post-date his prior claim.

The Complaint alleges Yquem violated the ADA because it did not provide accessible parking in a parking lot purportedly open for use by customers. Compl., ECF No. 1, ¶¶ 22-23. Langer further argues he would return to the store located on the premises if the barriers to access in the parking lot were removed. *Id*. at ¶ 18.

In his Opposition, Langer argues this claim is not barred by *res judiciata* because, unlike in the 2013 action, he would return to the store at the premises if the barriers were removed.  Opp'n, ECF No. 6, 2-3.  Reviewing the Complaint as well as the 2013 action, the Court finds a factual difference.  In the 2013 action, Langer never alleged he would return to the property if barriers were removed.  Here, he does.  Taking all of Langer's allegations as true, the Court concludes that *res judicata* cannot apply to Langer's ADA claims at this stage in the litigation.

### D. Unruh Civil Rights Act Claim

By contrast, Langer's 2013 complaint and the instant complaint both allege violations of the Unruh Civil Rights Act.  *Compare* 2013 Compl., ECF No. 4-2, Ex. A ¶¶ 10-15 *and* Compl., ECF No. 1, ¶¶ 29-32.  These claims allegedly occurred at the same property.  *Id*.  Further, they both allege Defendants failed to provide accessible parking and therefore "failed to provide full and equal access to wheelchair users such as the plaintiff."  2013 Compl., ECF No. 4-2, Ex. A ¶ 12; Compl., ECF No. 1, ¶¶ 11-13.  Langer does not allege that the accessible parking is deficient in ways different than when he attempted to access the same parking lot in 2013.[1]  Accordingly, the Court finds Langer's Unruh Civil Rights Act claim to be identical to the claim he brought against Defendants in the 2013 action.

The Court must then consider whether the 2013 action constitutes a final judgment on the merits.  The California Supreme Court has held that "for purposes of applying the doctrine of res judicata…a dismissal with prejudice is the equivalent of a final judgment on the merits."  *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010) (*citing Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Co. of Am.*, 133 Cal. App. 3d 813, 820-821 (Cal. Ct. App. 2005)).  Here, Langer dismissed

---

[1] This Order does not address whether *res judicata* would apply if the alleged barriers to accessible parking have changed over time.

the 2013 with action with prejudice, so it is a final judgment on the merits for *res judicata* purposes.

Turning to the final element of the *res judicata* analysis, there is no dispute that the parties to the 2013 action are identical to those in the instant case.

Accordingly, the Court finds the Unruh Civil Rights Act claim, as pled, is barred by *res judicata*.  Langer may be able to cure this deficiency, so the proper remedy is to dismiss the Unruh Civil Rights Act claim but to provide Langer with leave to amend.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Extend Time for Service (ECF No. 5) is **DENIED**.  Accordingly, Defendant Lapiz Properties Group's Motion to Dismiss (ECF No. 10) is **GRANTED**.  Defendant Yquem's Motion to Dismiss is **GRANTED in** part with respect to the Unruh Civil Rights Act claim and **DENIED in part** with respect to the ADA Claim.  Plaintiff is granted leave to file a First Amended Complaint that cures the pleading deficiencies identified in this order.  Plaintiff may not add new claims or parties without seeking leave of this Court pursuant to Federal Rule of Civil Procedure 15.  The First Amended Complaint shall be filed within 14 days of this order.

**IT IS SO ORDERED.**

DATED: October 2, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge

3:20-cv-0664-BEN-MDD